MATEO Z. FOWLER, Cal. Bar No. 241295
MZF LAW FIRM, PLLC
101 West 6th Street, Suite 610
Austin, Texas 78701
Telephone: (281) 546-5172
E-Mail: mateofowler@mzflaw.com

Adam I. Gafni, Cal. Bar No. 230045
LAW OFFICES OF ADAM I. GAFNI
2811 Wilshire Blvd., Suite 780
Santa Monica, California 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
Email: adam@gafnilaw.com

Attorneys for Plaintiff
ALBERT C. JONES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT C. JONES,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., ASUSTeK COMPUTER, INC., ASUS COMPUTER INTERNATIONAL, INC., GOOGLE, INC., LG ELECTRONICS, INC., LG ELECTRONICS U.S.A. INC., LG ELECTRONICS MOBILECOMM U.S.A. INC., MOTOROLA MOBILITY LLC, PEBBLE TECHNOLOGY CORP., SONY CORPORATION, SONY MOBILE COMMUNICATIONS AB, AND SONY MOBILE COMMUNICATIONS (USA), INC.<br><br>Defendants. | Case No. 4:16-cv-714<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Albert C. Jones ("Jones" or "Plaintiff"), files this Complaint against Apple, Inc., ASUSTeK Computer, Inc., ASUS Computer International, Inc., Google, Inc., LG Electronics, Inc., LG Electronics U.S.A., Inc., LG Electronics MobileComm U.S.A. Inc., Motorola Mobility LLC, Pebble Technology Corp. Sony Mobile Communications AB, and Sony Mobile Communications (USA) Inc., (collectively "Defendants"), for infringement of U.S. Patent No. 6,606,506 ("the '506 patent"), and hereby alleges as follows:

## I. THE PARTIES

1. Plaintiff Albert C. Jones is an individual residing in Charlotte, North Carolina, and owner of the '506 patent.

2. Defendant Apple, Inc. ("Apple") is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

3. Upon information and belief, Defendant ASUSTeK Computer, Inc. ("ASUSTeK") is a corporation organized under the laws of Taiwan and its principal place of business is 15, Li-Te Road, Beitou District, Taipei, Taiwan.

4. Upon information and belief, Defendant ASUS Computer International Inc. ("ACI") is a corporation organized under the laws of California and its principal place of business is 800 Corporate Way, Freemont, CA 94539, (collectively, ASUSTeK and ACI are referred to as the "ASUS Defendants.")

5. Upon information and belief, Defendant Google, Inc. ("Google") is a corporation organized under the laws of the state of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

6. Upon information and belief, Defendant LG Electronics, Inc. ("LGE") is a South Korean corporation with its principal place of business located at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, South Korea.

7. Upon information and belief, Defendant LG Electronics U.S.A., Inc. ("LGE USA") is a Delaware corporation with its principal place of business at 1000 Sylvan Avenue, England Cliffs, New Jersey 07632.

8. Upon information and belief, Defendant LG Electronics MobileComm U.S.A., Inc. ("LG Mobile") is a California corporation having its principal place of business at 10225 Willow Creek Road, San Diego, CA 92131. Upon information and belief, LG Mobile is a wholly owned subsidiary of LGE USA and operates in concert with LGE and LGE USA in selling and marketing wearable devices, mobile phone devices and wired and wireless headphones in this District and elsewhere in the United States. Collectively, LGE, LGE USA and LG Mobile are referred to as the "LG Defendants."

9. Upon information and belief, Defendant Motorola Mobility LLC ("Motorola") is a limited liability company organized under the laws of Delaware, with its principal place of business at 600 N US Highway 45, Libertyville, Illinois.

10. Defendant Pebble Technology, Corp., dba Pebble Devices Corp. ("Pebble") is a Delaware Corporation with its principal place of business at 925 Alma Street, Palo Alto, California 94301.

11. Upon information and belief, Sony Corporation ("Sony") is a corporation organized under the laws of Japan and its principal place of business is 1-7-1 Konan, Minato-ku, Tokyo 108-0075, Japan.

12. Upon information and belief, Sony Mobile Communications AB ("SMC AB") is a corporation organized under the laws of Sweden and its principal place of business is located at Solvegatan 51, 223 62 Lund, Sweden (mailing address) and Mobilvagen 4, 221 88 Lund, Sweden (visiting address). Upon information and belief, Sony Mobile Communications AB is a wholly owned subsidiary of Sony Corporation.

13. Sony Mobile Communications (USA), Inc. ("SMC USA") is a corporation organized under the laws of Delaware and its principal place business is 3333 Piedmont Rd Ne #600 Atlanta, GA, 30305. Upon information and belief, SMC USA is a wholly owned subsidiary of Sony Corporation. Collectively, Sony, SMC AB, and SMC USA shall be referred to as the "Sony Defendants."

## II. JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as an action arising under an Act of Congress relating to patents, 35 U.S.C. §§ 1 et seq.

15. This Court has personal jurisdiction over Apple because Apple is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or California Code of Civil Procedure 410.10, because Apple has its principal place of business within this judicial district, and conducts substantial and ongoing business in this State and judicial district. Apple, directly and/or through third-party designers and/or manufacturers, designs, tests, manufactures and/or assembles products that are and have been offered for sale, sold, purchased, and used within the state of California. In addition, Apple, directly and/or through its distribution networks, regularly places its products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in California. Apple, on information and belief, is committing at least part of the infringing activities alleged herein within California and this judicial district, is regularly and systematically doing business and soliciting business within California and this judicial district, and is deriving substantial revenue from goods sold and services provided to California residents and within this judicial district, including, but not limited to, goods and services subject to the infringement claims alleged herein. Thus, Apple has purposefully availed itself of the benefits of the state of California and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

16. Venue as to Apple is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because, among other things, Apple is subject to personal jurisdiction in this judicial district, has its principal place of business in this district, has regularly conducted business in this judicial district, certain acts complained of herein occurred in this judicial district, including the alleged acts of infringement, and a substantial part of the acts giving rise to the allegations of this Complaint occurred in this judicial district.

17. This Court has personal jurisdiction over the ASUS Defendants because the ASUS Defendants have established minimum contacts with the forum state of California pursuant to due

process and/or California Code of Civil Procedure 410.10, because the ASUS Defendants, directly and/or through third-party designers and manufacturers, design, test, manufacture and/or assemble products that are and have been offered for sale, sold, purchased, and used within the state of California. On information and belief, the ASUS Defendants have entered into contracts with other named Defendants within this judicial district concerning, at least, the accused products described herein. In addition, the ASUS Defendants, directly and/or through their distribution networks, regularly place their products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in California, and within this judicial district. The ASUS Defendants are committing at least part of the infringing activities alleged herein within California and this judicial district, are regularly and systematically doing business and soliciting business within California and this judicial district, and are deriving substantial revenue from goods sold and services provided to California residents and within this judicial district, including, but not limited to, goods and services subject to the infringement claims alleged herein. Thus, the ASUS Defendants have purposefully availed themselves of the benefits of the state of California and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

18. Venue as to the ASUS Defendants is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because, among other things, the ASUS Defendants are subject to personal jurisdiction in this judicial district, they have regularly conducted business in this judicial district, certain acts complained of herein occurred within this judicial district, including without limitation entering into contracts with at least other named Defendants in this judicial district concerning the accused products alleged herein, and a substantial part of the acts giving rise to the infringement allegations of this Complaint occurred in this judicial district, and at least ACI has its principal place of business within this judicial district, and the Oakland division of this district.

19. This Court has personal jurisdiction over Google because Google is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or California Code of Civil Procedure 410.10, because Google has its principal place of business within this judicial district, and conducts substantial and ongoing business in this State and judicial district. Further,

Google, directly and/or through third-party designers and/or manufacturers, designs, tests, manufactures and/or assembles products that are and have been offered for sale, sold, purchased, and used within the state of California. In addition, Google, directly and/or through its distribution networks, regularly places its products and/or all other products that utilize and/or run the Android and Android Wear operating system within the stream of commerce with the knowledge and/or understanding that such products will be sold and/or used in California. Google, on information and belief, is committing at least part of the infringing activities alleged herein within California and this judicial district, is regularly and systematically doing business and soliciting business within California and this judicial district, and is deriving substantial revenue from goods sold and services provided to California residents and within this judicial district, including, but not limited to, goods and services subject to the infringement claims alleged herein. Thus, Google has purposefully availed itself of the benefits of the state of California and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

20. Venue as to Google is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because, among other things, Google is subject to personal jurisdiction in this judicial district, has its principal place of business within this district, regularly conducts business in this judicial district, certain acts complained of herein occurred in this judicial district, and a substantial part of the acts giving rise to the allegations of this Complaint occurred in this judicial district, including, but not limited to, acts of infringement and entering into contracts with other named Defendants in this judicial district concerning the accused products identified herein.

21. This Court has personal jurisdiction over the LG Defendants because the LG Defendants have established minimum contacts with the forum state of California pursuant to due process and/or California Code of Civil Procedure 410.10, because the LG Defendants, directly and/or through third-party designers and manufacturers, design, test, manufacture and/or assemble products that are and have been offered for sale, sold, purchased, and used within the state of California. The LG Defendants have entered into contracts with other named Defendants within this judicial district concerning, at least, the accused products described herein. In addition, the LG Defendants, directly and/or through their distribution networks, regularly place their products

within the stream of commerce, with the knowledge and/or understanding that such products will be sold in California, and within this judicial district. The LG Defendants are committing at least part of the infringing activities alleged herein within California and this judicial district, are regularly and systematically doing business and soliciting business within California and this judicial district, and are deriving substantial revenue from goods sold and services provided to California residents and within this judicial district, including, but not limited to, goods and services subject to the infringement claims alleged herein. Thus, the LG Defendants have purposefully availed themselves of the benefits of the state of California and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

22. Venue as to the LG Defendants is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because, among other things, the LG Defendants are subject to personal jurisdiction in this judicial district, they have regularly conducted business in this judicial district, certain acts complained of herein occurred in this judicial district, including, but not limited to, entering into contracts with at least other named Defendants within this judicial district concerning the accused products defined herein, and a substantial part of the acts giving rise to the infringement allegations of this Complaint occurred in this judicial district.

23. This Court has personal jurisdiction over Motorola because Motorola has established minimum contacts with the forum state of California pursuant to due process and/or California Code of Civil Procedure 410.10, because Motorola, directly and/or through third-party designers and manufacturers, designs, tests, manufactures and/or assembles products that are and have been offered for sale, sold, purchased, and used within the state of California. Motorola has entered into contracts with other named Defendants within this judicial district concerning, at least, the accused products described herein. In addition, Motorola, directly and/or through its distribution networks, regularly place its products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in California, and within this judicial district. Motorola is committing at least part of the infringing activities alleged herein within California and this judicial district, is regularly and systematically doing business and soliciting business within California and this judicial district, and is deriving substantial revenue

from goods sold and services provided to California residents and within this judicial district, including, but not limited to, goods and services subject to the infringement claims alleged herein. Thus, Motorola has purposefully availed itself of the benefits of the state of California and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

24. Venue as to Motorola is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because, among other things, Motorola is subject to personal jurisdiction in this judicial district, it has regularly conducted business in this judicial district, certain acts complained of herein occurred in this judicial district, including, but not limited to, entering into contracts with at least other named Defendants within this judicial district concerning the accused products defined herein, and a substantial part of the acts giving rise to the infringement allegations of this Complaint occurred in this judicial district.

25. This Court has personal jurisdiction over Pebble because Pebble is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or California Code of Civil Procedure 410.10, because Pebble has its principal place of business within this judicial district, and conducts substantial and ongoing business in this State and judicial district. Further, Pebble, directly and/or through third-party designers and/or manufacturers, designs, tests, manufactures or assembles products that are and have been offered for sale, sold, purchased, and used within the state of California. Pebble has entered into contracts with other named Defendants within this judicial district concerning, at least, the accused products described herein. In addition, Pebble, directly and/or through its distribution networks, regularly places its products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in California. Pebble is committing at least part of the infringing activities alleged herein within California and this judicial district, is regularly and systematically doing business and soliciting business within California and this judicial district, and is deriving substantial revenue from goods sold and services provided to California residents and within this judicial district, including, but not limited to, goods and services subject to the infringement claims alleged herein. Thus, Pebble has purposefully availed itself of the benefits of the state of California and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

26. Venue as to Pebble is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because, among other things, Pebble is subject to personal jurisdiction in this judicial district, has its principal place of business within this district, has regularly conducted business in this judicial district, certain acts complained of herein occurred in this judicial district, including entering into contracts with at least other named Defendants within this judicial district concerning the accused products defined herein, and a substantial part of the acts giving rise to the infringement allegations of this Complaint occurred in this judicial district.

27. This Court has personal jurisdiction over the Sony Defendants because the Sony Defendants have established minimum contacts with the forum state of California pursuant to due process and/or California Code of Civil Procedure 410.10, because Sony Defendants, directly and/or through third-party designers and manufacturers, design, test, manufacture and/or assemble products that are and have been offered for sale, sold, purchased, and used within the state of California. Sony Defendants have entered into contracts with other named Defendants within this judicial district concerning, at least, the accused products described herein. In addition, Sony Defendants, directly and/or through their distribution networks, regularly place their products within the stream of commerce, with the knowledge and/or understanding that such products will be sold in California, and within this judicial district. The Sony Defendants are committing at least part of the infringing activities alleged herein within California and this judicial district, are regularly and systematically doing business and soliciting business within California and this judicial district, and are deriving substantial revenue from goods sold and services provided to California residents and within this judicial district, including, but not limited to, goods and services subject to the infringement claims alleged herein. Thus, the Sony Defendants have purposefully availed themselves of the benefits of the state of California and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

28. Venue as to the Sony Defendants is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because, among other things, the Sony Defendants are subject to personal jurisdiction in this judicial district, they have regularly conducted business in this judicial district, certain acts complained of herein occurred in this judicial district, including entering into

contracts with at least other named Defendants within this judicial district concerning the accused products defined herein, and a substantial part of the acts giving rise to the infringement allegations of this Complaint occurred in this judicial district.

29. Pursuant to Civil Local Rule 3-2(c), assignment would be proper in the Oakland division because, *inter alia*, at least one of the Defendants resides and/or operates within Freemont, California and all Defendants regularly conduct business in this division of the judicial district, certain infringing acts complained of herein occurred in this division of the judicial district, and a substantial part of the acts giving rise to the allegations of this Complaint occurred in the Oakland division of the judicial district.

## III. THE ASSERTED PATENT

30. On August 12, 2003, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 6,606,506 ("the '506 patent"), to Mr. Albert C. Jones entitled "Personal Entertainment and Communication Device," which matured from Application No. 09/444,331 filed on November 19, 1999 and provisional application No. 60/109,100 filed on November 19, 1998. A true and correct copy of the '506 patent is attached as Exhibit A.

31. Jones is the owner of the '506 patent with all substantive rights in and to the patent, including the sole and exclusive right to prosecute this action and enforce the '506 patent against infringers, and to collect damages.

## IV. COUNT 1 – INFRINGEMENT OF THE '506 PATENT BY APPLE

32. Jones incorporates by reference the allegations in each of the following paragraphs 1-2, 10, 14-16, 25-26, and 29-31 as if fully set forth herein.

33. The '506 patent is valid and enforceable.

34. In violation of 35 U.S.C. § 271, Apple has infringed and continues to infringe the '506 patent in this judicial district and elsewhere in the United States, both literally and/or under the doctrine of equivalents. Apple has infringed and continues to infringe through the manufacture, use, offer for sale, sale, and/or importation of a system of products, associated software, and components sold through the Apple store and third party retailers, and the Watch

App software interface and the wireless headphone App software interface available for sale on the Apple App store.

35. The "Apple Accused System" is a personal entertainment and communication system comprised of three components: a headset portion, a remote unit worn as a watch, and a control/display portion.

36. The "Apple Accused Watch" includes at least the following exemplary products: Apple Watch, and the Android Accused Smart Watch Products that interoperate with the Apple Accused Mobile Devices and Apple Accused Headsets.

37. The "Apple Accused Mobile Devices" include, but are not limited to the following exemplary devices: all Apple iPhones running iOS 7.2 or later, including, but not limited to the iPhone 4S, iPhone 5, iPhone 5c, iPhone 5s, iPhone 6 or iPhone 6 Plus, which are compatible with the Apple Accused Watch, and the Apple Accused Headset.

38. The "Apple Accused Headsets" include the following exemplary products: Apple EarPods, Apple In-Ear Headphones, Beats Solo2 On-Ear Headphones, Beats Solo2 Wireless Headphones, Beats Powerbeats 2 Wireless In-Ear Headphones, Beats Tour2 In-Ear Headphones, urBeats In-Ear Headphones, Beats Tour In-Ear Headphones, Beats Studio Wireless Over-Ear Headphones, Beats Studio Over-Ear Headphones, Beats Mixr High-Performance Headphones, Beats Pro Over-Ear Headphones, as well as all wired and wireless headsets that comprise a pair of amplified speakers, a transceiver, a microphone, and the capability to provide at least digitally encoded music to the pair of amplified speakers which are compatible with and/or are capable of connecting with the Apple Watch and/or the Apple Accused Mobile Devices, including but not limited to the iPhone 4S, iPhone 5, iPhone 5c, iPhone 5s, iPhone 6 or iPhone 6 Plus running iOS 7.2 and later.

39. Apple's infringement has been willful.

40. The Apple Accused system, including the Apple Accused Watch, the Apple Accused Mobile Devices and the Apple Accused Headset, directly infringes literally and/or under the doctrine of equivalents at least independent claim 1 of the '506 patent, and dependent claims 2, 3, 4, 5, 8, 9, 12, and 13.

41. With respect to the headset component of the Apple Accused System, the Apple Accused Headsets contain, at least, a pair of amplified speakers, a microphone, at least a receiver for receiving wireless and/or cellular signals, and the hardware and software to provide at least digitally encoded music to the amplified speakers.

42. With respect to the remote unit watch component of the system, the Apple Accused Watch is a remote unit worn as a watch wherein the Apple Accused Watch includes control functions and at least a transmitter for transmitting control signals, directly and/or indirectly, to the receiver within the Apple Accused Headsets for controlling at least the digitally encoded music.

43. With respect to the control/display component of the system, the Apple Accused Mobile Devices are communicably linked to the Apple Accused Headsets. The control/display component includes a cellular communication transceiver for sending and receiving cellular communications signals directly and/or indirectly between the Accused Apple Watch and/or the Accused Apple Headset, hardware and/or software for selecting and routing system input signals, such as, without limitation, the digitally encoded music, the cellular communication signals and the system component signals for the Apple Accused Mobile Devices system components. The hardware and/or software for selecting and routing system input signals within the Apple Accused Mobile Devices are connected, directly and/or indirectly, to the cellular transceiver, the hardware and/or software for providing digitally encoded music, the microphone and pair of amplified speakers within the headphone component of the system, and a user interface for selecting and routing system input signals. The Apple Accused Mobile Devices also include power sources for providing power to at least the cellular communication transceiver, the hardware and/or software for selecting and routing system input signals, and the hardware and/or software for providing digitally encoded music.

44. On January 22, 2014, Jones sent a letter to Apple notifying Apple of the ’506 patent, and Apple’s potential infringement of the ’506 patent. On information and belief, Apple has been on notice of the ’506 Patent since at least as early as January 2014.

45. At least as early as January 22, 2014 and as late as the service of this Complaint, Apple has contributorily infringed and/or actively induced infringement of the ’506 patent

(literally and/or under the doctrine of equivalents) and/or will contributorily infringe and/or actively induce infringement of the ’506 patent (literally and/or under the doctrine of equivalents) in violation of 35 U.S.C. § 271(b)-(c), with knowledge of and/or willful blindness to the existence of the ’506 patent, with specific intent to contributorily infringe and/or to induce infringement, and with knowledge or willful blindness that the intended acts would constitute patent infringement.

46. On information and belief, the Apple Accused System—the Apple Accused Watch, the Apple Accused Mobile Devices, and the Apple Accused Headset, each sold and/or offered for sale by Apple—are not alone or in combination a staple article of commerce, but are individually a component of a patented combination, and material to practicing the invention in the claims of the ’506 patent, and have no substantial non-infringing uses. Apple has contributed to the direct infringement of the ’506 patent by the end users of the Apple Accused System. These products are sold directly to customers and used by customers in a manner that infringes the ’506 patent, including, but not limited to, by way of utilizing the Apple Accused Watch as a remote device to control, without limitation, the telephone features, the media features, and the text features of the Apple Accused Mobile Devices and utilizing the Apple Accused Watch to control, without limitation, the media playback features, and the volume and microphone features for media playback and mobile phone calls heard through the Apple Accused headsets. Apple’s contributory infringement is ongoing, and willful.

47. Apple’s indirect infringement by inducement will occur by Apple engaging in at least the following activities directly and/or through the contractual relationship with others: designing and manufacturing the Apple Accused System, individually, and their components specifically for sale and use in the United States, including California, selling and offering to sell the Apple Accused System, individually, and their components in the United States or importing these devices and their components into the United States, including California, through promotional and instructional manuals, materials, websites (including support information, video instructions, tutorials, and frequently asked questions that direct customers to use the devices in an infringing manner), establishing representatives at third party retailers, activities relating to utilizing the Watch as a remote control unit for mobile phones and wireless headphones, and by

providing access to and encouraging use of the Watch App and headphone Apps, and promoting the use of third-party applications. This induces the end users to use the Apple Accused System in a manner that infringes the '506 patent. Apple's inducement is ongoing, and willful.

48. Jones has been damaged as a result of Apple's infringing conduct described in this Count. Apple is, thus, liable to Jones in an amount that adequately compensates Jones for Apple's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## V. COUNT 2 – INFRINGEMENT OF THE '506 PATENT BY THE ASUS DEFENDANTS

49. Jones incorporates by reference the allegations in the following paragraphs 1, 3-4, 14, 17-18, 29-31 as if fully set forth herein.

50. The '506 patent is valid and enforceable.

51. In violation of 35 U.S.C. § 271, the ASUS Defendants have infringed and continue to infringe the '506 patent in this judicial district and elsewhere in the United States, both literally and/or under the doctrine of equivalents. The ASUS Defendants have infringed and continue to infringe through the manufacture, use, offer for sale, sale, and/or importation of a system of products, associated software, and components sold through online and retail stores, and the ZenWatch Manager App software interface and the headphone App software interface available for sale at least on the Google Play store.

52. The "ASUS Accused System" is a personal entertainment and communication system comprised of three components: a headset portion, a remote unit worn as a watch, and a control/display portion.

53. The "ASUS Accused Watch" includes at least the following exemplary products: ASUS ZenWatch W1500Q and ASUS ZenWatch2 W1501Q, and the Google Accused Watch that interoperate with the ASUS Accused Mobile Devices, and the Apple Accused Mobile Devices, including the iPhone 5 and later running iOS 9 and later, and the ASUS Accused Headsets.

54. The "ASUS Accused Mobile Devices" includes all ASUS mobile phones and devices running Android 4.3 or later, including, but not limited to the following exemplary

devices: ZenFone and PadFone, and at least the following Apple Accused Mobile Devices: iPhone 5 and later running iOS 9.0 and later.

55. The "ASUS Accused Headsets" include the following exemplary products: Cerberus, Strix DSP, Strix Pro, Strix 7.1, CineVibe, as well as all wired and wireless headsets that comprise a pair of amplified speakers, a transceiver, a microphone, and the capability to provide at least digitally encoded music to the pair of amplified speakers which are compatible with and/or are capable of connecting with ASUS Accused Watch and/or the ASUS Accused Mobile Devices, including the Apple Accused Mobile Devices, including the iPhone 5 or later running iOS 9.0 or later.

56. The ASUS Defendants' infringement has been willful.

57. The ASUS Accused System, including the ASUS Accused Watch, the ASUS Accused Mobile Devices and the ASUS Accused Headset, directly infringes literally and/or under the doctrine of equivalents at least independent claim 1 of the '506 patent, and dependent claims 2, 3, 4, 5, 8, 9, 12, and 13.

58. With respect to the headset component of the ASUS Accused System, the ASUS Accused Headsets contain, at least, a pair of amplified speakers, a microphone, at least a receiver for receiving wireless and/or cellular signals, and the hardware and/or software to provide at least digitally encoded music to the amplified speakers.

59. With respect to the remote unit watch component of the system, the ASUS Accused Watch is a remote unit worn as a watch wherein the ASUS Accused Watch includes control functions and at least a transmitter for transmitting control signals, directly and/or indirectly, to the receiver within the ASUS Accused Headsets for controlling at least the digitally encoded music.

60. With respect to the control/display component of the system, the ASUS Accused Mobile Devices are communicably linked to the ASUS Accused Headsets. The control/display component includes a cellular communication transceiver for sending and receiving cellular communications signals directly and/or indirectly between the Accused ASUS Watch and/or the Accused ASUS Headset, hardware and/or software for selecting and routing system input signals, such as, without limitation, the digitally encoded music, the cellular communication signals and

the system component signals for the ASUS Accused Mobile Devices system components. The hardware and/or software for selecting and routing system input signals within the ASUS Accused Mobile Devices are connected, directly and/or indirectly, to the cellular transceiver, the hardware and software for providing digitally encoded music, the microphone and pair of amplified speakers within the headphone component of the system, and a user interface for selecting and routing system input signals. The ASUS Accused Mobile Devices also include power sources for providing power to at least the cellular communication transceiver, the hardware and/or software for selecting and routing system input signals, and the hardware and/or software for providing digitally encoded music.

61. At least as late as the service of this Complaint, the ASUS Defendants have contributorily infringed and/or actively induced infringement of the ’506 patent (literally and/or under the doctrine of equivalents) and/or will contributorily infringe and/or actively induce infringement of the ’506 patent (literally and/or under the doctrine of equivalents) in violation of 35 U.S.C. § 271(b)-(c), with knowledge of and/or willful blindness to the existence of the ’506 patent, with specific intent to contributorily infringe and/or to induce infringement, and with knowledge or willful blindness that the intended acts would constitute patent infringement.

62. The ASUS Accused System—the ASUS Accused Watch, the ASUS Accused Mobile Devices, and the ASUS Accused Headset, each sold and/or offered for sale by the ASUS Defendants—are not alone or in combination staple articles of commerce, but are individually components of a patented combination, and material to practicing the invention in the claims of the ’506 patent, and have no substantial non-infringing uses. The ASUS Defendants have contributed to the direct infringement of the ’506 patent by the end users of the ASUS Accused System. These products are sold directly to customers and used by customers in a manner that infringes the ’506 patent by way of utilizing the ASUS Accused Watch as a remote device to control, without limitation, the telephone features, the media features, and the text features of the ASUS Accused Mobile Devices and utilizing the ASUS Accused Watch to control, without limitation, the media playback features, and the volume and microphone features for media

playback and mobile phone calls heard through the ASUS Accused headsets. The ASUS Defendants' contributory infringement is ongoing, and willful.

63. The ASUS Defendants' indirect infringement by inducement has occurred and/or will occur by the ASUS Defendants engaging in at least the following activities directly and/or through the contractual relationship with others: designing and manufacturing the ASUS Accused System, individually, and their components specifically for sale and use in the United States, including California, selling and offering to sell the ASUS Accused System, individually, and their components in the United States or importing these devices and their components into the United States, including California, through promotional and instructional manuals, materials, websites (including support information, video instructions, tutorials, and frequently asked questions that direct customers to use the devices in an infringing manner), activities relating to utilizing the Watch as a remote control unit for mobile phones and headphones, and by providing access to and encouraging use of the ZenWatch Manager App and headphone Apps, and promoting the use of other third-party applications. This induces the end users to use the ASUS Accused System in a manner that infringes the '506 patent. The ASUS Defendants' inducement is ongoing, and willful.

64. Jones has been damaged as a result of the ASUS Defendants' infringing conduct described in this Count. The ASUS Defendants are, thus, liable to Jones in an amount that adequately compensates Jones for the ASUS Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## VI. COUNT 3 – INFRINGEMENT OF THE '506 PATENT BY GOOGLE

65. Jones incorporates by reference the allegations in each of the following paragraphs 1, 3-14, 17-31, 48-63, and 80-147 as if fully set forth herein.

66. The '506 patent is valid and enforceable.

67. In violation of 35 U.S.C. § 271, Google has infringed and continues to infringe the '506 patent in this judicial district and elsewhere in the United States, both literally and/or under the doctrine of equivalents. Google has infringed and continues to infringe through the

manufacture, use, offer for sale, sale, and/or importation of a system of products, associated software, and components sold through the Google store and other related stores, and the Android Wear software interface and the headphone App software interface available for sale on the Google Play store.

68. The "Google Accused System" is a personal entertainment and communication system comprised of three components: a headset portion, a remote unit worn as a watch, and a control/display portion.

69. The "Google Accused Watch" includes all smartwatch devices running Android Wear operating systems, including but not limited to the following exemplary products offered for sale on Google Store: Moto 360 Sport, Moto 360 for Women, Moto 360 2nd Generation, Sony Smart Watch 3, LG Watch Urbane, ASUS ZenWatch 2, Huawei Watch, and Fossil Q Founder, as well as all other smart watches running on the Android Wear operating system.

70. The "Google Accused Mobile Devices" include: all mobile devices and tablets running Android 4.3 and later, including, but not limited to, the following exemplary products offered for sale on Google Store: Nexus 6P and Nexus 5X, as well as all other mobile devices running Android 4.3 and later, including but not limited to: the ASUS Accused Mobile Devices, the LG Accused Mobile Devices, the Motorola Accused Mobile Devices, and the Sony Accused Mobile Devices.

71. The "Google Accused Headsets" include all wired and wireless headsets that comprise a pair of amplified speakers, a transceiver, a microphone, and the capability to provide at least digitally encoded music to the pair of amplified speakers that are compatible with and/or are capable of connecting with Google Accused Mobile Devices and Google Accused Smart Watche, including but not limited to the following exemplary products: Apple Accused Headsets, ASUS Accused Headsets; LG Accused Headsets, Motorola Accused Headsets, Pebble Accused Headsets, and Sony Accused Headsets.

72. Google's infringement has been willful.

73. The Google Accused System, including the Google Accused Watch, the Google Accused Mobile Devices and the Google Accused Headset, directly infringes literally and/or

under the doctrine of equivalents at least independent claim 1 of the ’506 patent, and dependent claims 2, 3, 4, 5, 8, 9, 12, and 13.

74. With respect to the headset component of the Google Accused System, the Google Accused Headsets contains, at least, a pair of amplified speakers, a microphone, at least a receiver for receiving wireless and/or cellular signals, and the hardware and/or software to provide at least digitally encoded music to the amplified speakers.

75. With respect to the remote unit watch component of the system, the Google Accused Watch is a remote unit worn as a watch wherein the Google Accused Watch includes control functions and at least a transmitter for transmitting control signals, directly and/or indirectly, to the receiver within the Google Accused Headsets for controlling at least the digitally encoded music.

76. With respect to the control/display component of the system, the Google Accused Mobile Devices are communicably linked to the Google Accused Headsets. The control/display component includes a cellular communication transceiver for sending and receiving cellular communications signals directly and/or indirectly between the Google Accused Watch and Google Accused Headset, hardware and/or software for selecting and routing system input signals, such as, without limitation, the digitally encoded music, the cellular communication signals and the system component signals for the Google Accused Mobile Devices system components. The hardware and/or software for selecting and routing system input signals within the Google Accused Mobile Devices are connected, directly and/or indirectly, to the cellular transceiver, the hardware and/or software for providing digitally encoded music, the microphone and pair of amplified speakers within the headphone component of the system, and a user interface for selecting and routing system input signals. The Google Accused Mobile Devices also include power sources for providing power to at least the cellular communication transceiver, the hardware and/or software for selecting and routing system input signals, and the hardware and/or software for providing digitally encoded music.

77. At least as late as the service of this Complaint, Google has contributorily infringed and/or actively induced infringement of the ’506 patent (literally and/or under the doctrine of

equivalents) and/or will contributorily infringe and/or actively induce infringement of the ’506 patent (literally and/or under the doctrine of equivalents) in violation of 35 U.S.C. § 271(b)-(c), with knowledge of and/or willful blindness to the existence of the ’506 patent, with specific intent to contributorily infringe and/or to induce infringement, and with knowledge or willful blindness that the intended acts would constitute patent infringement.

78. The Google Accused System—the Google Accused Watch, the Google Accused Mobile Devices, and the Google Accused Headset, each sold and/or offered for sale by Google—are not alone or in combination staple articles of commerce, but are individually components of a patented combination, and material to practicing the invention in the claims of the ’506 patent, and have no substantial non-infringing uses. Google has contributed to the direct infringement of the ’506 patent, including, but not limited to, by the end users of the Google Accused System. These products are sold directly to customers and used by customers in a manner that infringes the ’506 patent by way of utilizing the Google Accused Watch as a remote device to control, without limitation, the telephone features, the media features, and the text features of the Google Accused Mobile Devices and utilizing the Google Accused Watch to control, without limitation, the media playback features, and the volume and microphone features for media playback and mobile phone calls heard through the Google Accused headsets. Google’s contributory infringement is ongoing, and willful.

79. Google’s indirect infringement by inducement will occur by Google engaging in at least the following activities directly and/or through the contractual relationship with others: designing and manufacturing the Google Accused System, individually, and its components specifically for sale and use in the United States, including California, selling and offering to sell the Google Accused System, individually, and its components in the United States or importing these devices and their components into the United States, including California, through promotional and instructional manuals, materials, websites (including support information, video instructions, tutorials, and frequently asked questions that direct customers to use the devices in an infringing manner), activities relating to utilizing the Watch as a remote control unit for mobile phones and wireless headphones, and by providing access to and encouraging use of the Android

Wear Apps and headphone Apps, and promoting the use of third-party applications. This induces the end users to use the Google Accused System in a manner that infringes the '506 patent. Google's inducement is ongoing, and willful.

80. Jones has been damaged as a result of Google's infringing conduct described in this Count. Google is, thus, liable to Jones in an amount that adequately compensates Jones for Google's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## VII. COUNT 4 – INFRINGEMENT OF THE '506 PATENT BY THE LG DEFENDANTS

81. Jones incorporates by reference the allegations in each of the following paragraphs 1, 6-8, 14, 21-22, and 29-31 as if fully set forth herein.

82. The '506 patent is valid and enforceable.

83. In violation of 35 U.S.C. § 271, the LG Defendants have infringed and continue to infringe the '506 patent in this judicial district and elsewhere in the United States, both literally and/or under the doctrine of equivalents. The LG Defendants have infringed and continue to infringe through the manufacture, use, offer for sale, sale, and/or importation of a system of products, associated software, and components sold through online stores and directly to retail stores in the United States, and the LG Watch Manager App software interface and the wireless headphone App software interface available for sale on the Google Play store.

84. The "LG Accused System" is a personal entertainment and communication system comprised of three components: a headset portion, a remote unit worn as a watch, and a control/display portion.

85. The "LG Accused Watch" includes all LG Smart watch series running Android Wear operating systems, including, but not limited to, the following exemplary devices: LG Watch Urbane Luxe W150 luxe, LG Watch Urbane Silver W150, LG Watch Urbane Gold W150 Gold, G Watch R W110, G Watch W100, and G Watch W100 White.

86. The "LG Accused Mobile Devices" includes all mobile devices running Android 4.3 and later, including but not limited to the following exemplary LG devices: LG G Flex2, LG

V10, LG G3, LG G4, as well as the Accused Android Devices, and with limited functionality all Apple Accused Mobile Devices running iOS 8.2 and later.

87. The "LG Accused Headsets" include all wired and wireless Headsets that comprise a pair of amplified speakers, a transceiver, a microphone, and the capability to provide at least digitally encoded music to the pair of amplified speakers which are compatible with and/or are capable of connecting with LG Accused Mobile Devices and LG Accused Watch, including, but not limited to, the following exemplary products: LG Tone HBS-700, LG Tone HBS-700, LG Tone Ultra, LG Tone Pro, LG Tone+, LG Gruve, the Accused Android Headsets, and linking with Apple Accused Mobile Devices running iOS 8.2 and later.

88. The LG Defendants' infringement has been willful.

89. The LG Accused System, including the LG Accused Watch, the LG Accused Mobile Devices and the LG Accused Headset, directly infringes literally and/or under the doctrine of equivalents at least independent claim 1 of the '506 patent, and dependent claims 2, 3, 4, 5, 8, 9, 12, and 13.

90. With respect to the wireless headset component of the LG Accused System, the LG Accused Headsets contain, at least, a pair of amplified speakers, a microphone, at least a receiver for receiving wireless and/or cellular signals, and the hardware and/or software to provide at least digitally encoded music to the amplified speakers.

91. With respect to the remote unit watch component of the system, the LG Accused Watch is a remote unit worn as a watch wherein the LG Accused Watch includes control functions and at least a transmitter for transmitting control signals, directly and/or indirectly, to the receiver within the LG Accused Headsets for controlling at least the digitally encoded music.

92. With respect to the control/display component of the system, the LG Accused Mobile Devices are communicably linked to the LG Accused Headsets. The control/display component includes a cellular communication transceiver for sending and receiving cellular communications signals directly and/or indirectly between the LG Accused Watch and LG Accused Headsets, hardware and/or related software for selecting and routing system input signals, such as, without limitation, the digitally encoded music, the cellular communication

signals and the system component signals for the LG Accused Mobile Devices system components. The hardware and/or software for selecting and routing system input signals within the LG Accused Mobile Devices are connected, directly and/or indirectly, to the cellular transceiver, the hardware and/or software for providing digitally encoded music, the microphone and pair of amplified speakers within the headphone component of the system, and a user interface for selecting and routing system input signals. The LG Accused Mobile Devices also include power sources for providing power to at least the cellular communication transceiver, the hardware and/or software for selecting and routing system input signals, and the hardware and/or software for providing digitally encoded music.

93. On January 22, 2014, Jones sent a letter to the LG Defendants notifying the LG Defendants of the ’506 patent, and the LG Defendants’ potential infringement of the ’506 patent. On information and belief, the LG Defendants have been on notice of the ’506 patent since at least January 2014.

94. At least as early as January 22, 2014 and as late as the service of this Complaint, the LG Defendants have contributorily infringed and/or actively induced infringement of the ’506 patent (literally and/or under the doctrine of equivalents) and/or will contributorily infringe and/or actively induce infringement of the ’506 patent (literally and/or under the doctrine of equivalents) in violation of 35 U.S.C. § 271(b)-(c), with knowledge of and/or willful blindness to the existence of the ’506 patent, with specific intent to contributorily infringe and/or to induce infringement, and with knowledge or willful blindness that the intended acts would constitute patent infringement.

95. The LG Accused System—the LG Accused Watch, the LG Accused Mobile Devices, and the LG Accused Headset, each sold and/or offered for sale by the LG Defendants—are not alone or in combination staple articles of commerce, but are individually components of a patented combination, and material to practicing the invention in the claims of the ’506 patent, and have no substantial non-infringing uses. The LG Defendants have contributed to the direct infringement of the ’506 patent by the end users of the LG Accused System. These products are sold directly to customers and used by customers in a manner that infringes the ’506 patent, including, but not limited to, by way of utilizing the LG Accused Watch as a remote device to

control, without limitation, the telephone features, the media features, and the text features of the LG Accused Mobile Devices and utilizing the LG Accused Watch to control, without limitation, the media playback features, and the volume and microphone features for media playback and mobile phone calls heard through the LG Accused headsets. LG's contributory infringement is ongoing, and willful.

96. The LG Defendants' indirect infringement by inducement will occur by the LG Defendants engaging in at least the following activities directly and/or through the contractual relationship with others: designing and manufacturing the LG Accused System, individually, and their components specifically for sale and use in the United States, including California, selling and offering to sell the LG Accused System, individually, and their components in the United States or importing these devices and their components into the United States, including California, through promotional and instructional manuals, materials, websites (including support information, video instructions, tutorials, and frequently asked questions that direct customers to use the devices in an infringing manner), activities relating to utilizing the LG Accused Watch as a remote control unit for mobile phones and wireless headphones, and by providing access to and encouraging use of, at least, the LG Watch Manager App and headphone App, and promoting the use of third-party applications. This induces the end users to use the LG Accused System in a manner that infringes the '506 patent. LG's inducement is ongoing, and willful.

97. Jones has been damaged as a result of the LG Defendants' infringing conduct described in this Count. The LG Defendants are, thus, liable to Jones in an amount that adequately compensates Jones for the LG Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## VIII. COUNT 5 – INFRINGEMENT OF THE '506 PATENT BY MOTOROLA

98. Jones incorporates by reference the allegations in each of the following paragraphs 1, 9, 14, 23-24, and 29-31 as if fully set forth herein.

99. The '506 patent is valid and enforceable.

100. In violation of 35 U.S.C. § 271, Motorola has infringed and continues to infringe the '506 patent in this judicial district and elsewhere in the United States, both literally and/or under the doctrine of equivalents. Motorola has infringed and continues to infringe through the manufacture, use, offer for sale, sale, and/or importation of a system of products, associated software, and components sold through online stores and directly to stores and customers in the United States, and the Android Wear App software interface and the wireless headphone App software interface.

101. The "Motorola Accused System" is a personal entertainment and communication system comprised of three components: a headset portion, a remote unit worn as a watch, and a control/display portion.

102. The "Motorola Accused Watch" includes all Motorola smart watch series running Android Wear operating systems, including, but not limited to, the following exemplary devices: Moto360 1st Generation, Moto360 2nd Generation, and Moto360 Sport.

103. The "Motorola Accused Mobile Devices" include all mobile devices running Android 4.3 and later, including but not limited to the following exemplary Motorola devices: Moto X Series, Moto G series, Moto E series, and Nexus series, as well as the Accused Android Mobile Devices, and with limited functionality all Apple Accused Mobile Devices running iOS 8.2 and later, including but not limited to the following exemplary models: iPhone 5, iPhone 5c, iPhone 5s, iPhone 6, and iPhone 6 plus.

104. The "Motorola Accused Headsets" include all wired and wireless Headsets that comprise a pair of amplified speakers, a transceiver, a microphone, and the capability to provide at least digitally encoded music to the pair of amplified speakers which are compatible with and/or are capable of connecting with Motorola Accused Mobile Devices and Motorola Accused Watch, including, but not limited to, the following exemplary products: Motorola S11-HD Wireless Stereo Headphones, Moto Pulse, Moto Surround, and linking with Apple Accused Mobile Devices running iOS 8.2 and later.

105. Motorola's infringement has been willful.

106. The Motorola Accused System, including the Motorola Accused Watch, the Motorola Accused Mobile Devices and the Motorola Accused Headset, directly infringes literally and/or under the doctrine of equivalents at least independent claim 1 of the ’506 patent, and dependent claims 2, 3, 4, 5, 8, 9, 12, and 13.

107. With respect to the headset component of the Motorola Accused System, the Motorola Accused Headsets contain, at least, a pair of amplified speakers, a microphone, at least a receiver for receiving wireless and/or cellular signals, and the hardware and/or software to provide at least digitally encoded music to the amplified speakers.

108. With respect to the remote unit watch component of the system, the Motorola Accused Watch is a remote unit worn as a watch wherein the Motorola Accused Watch includes control functions and at least a transmitter for transmitting control signals, directly and/or indirectly, to the receiver within the Motorola Accused Headsets for controlling at least the digitally encoded music.

109. With respect to the control/display component of the system, the Motorola Accused Mobile Devices are communicably linked to the Motorola Accused Headsets. The control/display component includes a cellular communication transceiver for sending and receiving cellular communications signals directly and/or indirectly between the Motorola Accused Watch and Motorola Accused Headset, hardware and/or software for selecting and routing system input signals, such as, without limitation, the digitally encoded music, the cellular communication signals and the system component signals for the Motorola Accused Mobile Devices system components. The hardware and/or software for selecting and routing system input signals within the Motorola Accused Mobile Devices are connected, directly and/or indirectly, to the cellular transceiver, the hardware and/or software for providing digitally encoded music, the microphone and pair of amplified speakers within the headphone component of the system, and a user interface for selecting and routing system input signals. The Motorola Accused Mobile Devices also include power sources for providing power to at least the cellular communication transceiver, the hardware and/or software for selecting and routing system input signals, and the hardware and/or software for providing digitally encoded music.

110. Motorola has been on notice of the ’506 patent prior to the date of filing this Complaint. Furthermore, Motorola is the assignee of multiple patents that cite to the ’506 patent, and therefore Motorola has had knowledge of the ’506 patent since at least September 2002. *See generally* U.S. Patent 7,146,187, filed September 17, 2002 and U.S. Patent 7,174,168, filed July 16, 2004.

111. At least as late as the service of this Complaint, Motorola has contributorily infringed and/or actively induced infringement of the ’506 patent (literally and/or under the doctrine of equivalents) and/or will contributorily infringe and/or actively induce infringement of the ’506 patent (literally and/or under the doctrine of equivalents) in violation of 35 U.S.C. § 271(b)-(c), with knowledge of and/or willful blindness to the existence of the ’506 patent, with specific intent to contributorily infringe and/or to induce infringement, and with knowledge or willful blindness that the intended acts would constitute patent infringement.

112. The Motorola Accused System—the Motorola Accused Watch, the Motorola Accused Mobile Devices, and the Motorola Accused Headset, each sold and/or offered for sale by Motorola—are not alone or in combination staple articles of commerce, but are individually components of a patented combination, and material to practicing the invention in the claims of the ’506 patent, and have no substantial non-infringing uses. Motorola has contributed to the direct infringement of the ’506 patent, including, but not limited to, by the end users of the Motorola Accused System. These products are sold directly to customers and used by customers in a manner that infringes the ’506 patent by way of utilizing the Motorola Accused Watch as a remote device to control, without limitation, the telephone features, the media features, and the text features of the Motorola Accused Mobile Devices and utilizing the Motorola Accused Watch to control, without limitation, the media playback features, and the volume and microphone features for media playback and mobile phone calls heard through the Motorola Accused headsets. Motorola’s contributory infringement is ongoing, and willful.

113. Motorola’s indirect infringement by inducement will occur by Motorola engaging in at least the following activities directly and/or through the contractual relationship with others: designing and manufacturing the Motorola Accused System, individually, and their components

specifically for sale and use in the United States, including California, selling and offering to sell the Motorola Accused System, individually, and their components in the United States or importing these devices and their components into the United States, including California, through promotional and instructional manuals, materials, websites (including support information, video instructions, tutorials, and frequently asked questions that direct customers to use the devices in an infringing manner), activities relating to utilizing the Motorola Accused Watch as a remote control unit for mobile phones and wireless headphones, and by providing access to and encouraging use of the Android Wear App and headphone App, and promoting the use of third-party applications. This induces the end users to use the Motorola Accused System in a manner that infringes the '506 patent. Motorola's inducement is ongoing, and willful.

114. Jones has been damaged as a result of Motorola's infringing conduct described in this Count. Motorola is, thus, liable to Jones in an amount that adequately compensates Jones for Motorola's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## IX. COUNT 6 – INFRINGEMENT OF THE '506 PATENT BY PEBBLE

115. Jones incorporates by reference the allegations in each of the following paragraphs 1, 10, 14, 25-26, and 29-31 as if fully set forth herein.

116. The '506 patent is valid and enforceable.

117. In violation of 35 U.S.C. § 271, Pebble has infringed and continues to infringe the '506 patent in this judicial district and elsewhere in the United States, both literally and/or under the doctrine of equivalents. Pebble has infringed and continues to infringe through the manufacture, use, offer for sale, sale, and/or importation of a system of products, associated software, and components sold through online web stores, such as Pebble.com and Amazon, retail stores, including, but not limited to, AT&T, Best Buy, and the Pebble Accused Watch App software interface and the wireless headphone App software interface available for sale on the Apple App store and the Google Play store.

118. The "Pebble Accused System" is a personal entertainment and communication system comprised of three components: a headset portion, a remote unit worn as a watch, and a control/display portion.

119. The "Pebble Accused Watch" includes all Pebble Smartwatch series running RTOS and compatible with Android and iOS operating systems, including, but not limited to, the following exemplary devices: Pebble Time Round 14mm, Pebble Time Round 20mm, Pebble Time Steel, Pebble Time, Pebble Classic, Pebble Steel, and Pebble Time Round 38.5mm.

120. The "Pebble Accused Mobile Devices" include Apple mobile devices running iOS 8 and above, including the following exemplary mobile devices: iPhone 4S and later, as well as all mobile devices running Android 4.0 and later, including, but not limited to, the Google Accused Mobile Devices.

121. The "Pebble Accused Headsets" include all wired and wireless headsets that comprise a pair of amplified speakers, a transceiver, a microphone, and the capability to provide at least digitally encoded music to the pair of amplified speakers which are compatible with and/or are capable of connecting with at least the Google Accused Mobile Devices, the Google Accused Headsets, the Apple Accused Mobile Devices and the Apple Accused Headsets, which are in turn capable of connecting with the Accused Pebble Smartwatch.

122. Pebble's infringement has been willful.

123. The Pebble Accused System, including the Pebble Accused Watch, the Pebble Accused Mobile Devices and the Pebble Accused Headset, directly infringes literally and/or under the doctrine of equivalents at least independent claim 1 of the '506 patent, and dependent claims 2, 3, 4, 5, 8, 9, 12, and 13.

124. With respect to the headset component of the Pebble Accused System, the Pebble Accused Headsets contain, at least, a pair of amplified speakers, a microphone, at least a receiver for receiving wireless and/or cellular signals, and the hardware and/or software to provide at least digitally encoded music to the amplified speakers.

125. With respect to the remote unit watch component of the system, the Pebble Accused Watch is a remote unit worn as a watch wherein the Pebble Accused Watch includes

control functions and at least a transmitter for transmitting control signals, directly and/or indirectly, to the receiver within the Pebble Accused Headsets for controlling at least the digitally encoded music.

126. With respect to the control/display component of the system, the Pebble Accused Mobile Devices are communicably linked to the Pebble Accused Headsets. The control/display component includes a cellular communication transceiver for sending and receiving cellular communications signals directly and/or indirectly between the Pebble Accused Watch and Pebble Accused Headset, hardware and/or software for selecting and routing system input signals, such as, without limitation, the digitally encoded music, the cellular communication signals and the system component signals for the Pebble Accused Mobile Devices system components. The hardware and/or software for selecting and routing system input signals within the Pebble Accused Mobile Devices are connected, directly and/or indirectly, to the cellular transceiver, the hardware and/or software for providing digitally encoded music, the microphone and pair of amplified speakers within the headphone component of the system, and a user interface for selecting and routing system input signals. The Pebble Accused Mobile Devices also include power sources for providing power to at least the cellular communication transceiver, the hardware and/or software for selecting and routing system input signals, and the hardware and/or software for providing digitally encoded music.

127. At least as late as the service of this Complaint, Pebble has contributorily infringed and/or actively induced infringement of the ’506 patent (literally and/or under the doctrine of equivalents) and/or will contributorily infringe and/or actively induce infringement of the ’506 patent (literally and/or under the doctrine of equivalents) in violation of 35 U.S.C. § 271(b)-(c), with knowledge of and/or willful blindness to the existence of the ’506 patent, with specific intent to contributorily infringe and/or to induce infringement, and with knowledge or willful blindness that the intended acts would constitute patent infringement.

128. The Pebble Accused System—the Pebble Accused Watch, the Pebble Accused Mobile Devices, and the Pebble Accused Headset, each sold and/or offered for sale by Pebble—are not alone or in combination a staple article of commerce, but are individually a component of a

patented combination, and material to practicing the invention in the claims of the '506 patent, and have no substantial non-infringing uses. Pebble has contributed to the direct infringement of the '506 patent by the end users of the Pebble Accused System. These products are sold directly to customers and used by customers in a manner that infringes the '506 patent, including, without limitation, by way of utilizing the Pebble Accused Watch as a remote device to control, without limitation, the telephone features, the media features, and the text features of the Pebble Accused Mobile Devices and utilizing the Pebble Accused Watch to control, without limitation, the media playback features, and the volume and microphone features for media playback and mobile phone calls heard through the Pebble Accused headsets. Pebble's contributory infringement is ongoing, and willful.

129. Pebble's indirect infringement by inducement will occur by Pebble engaging in at least the following activities directly and/or through the contractual relationship with others: designing and manufacturing the Pebble Accused System, individually, and their components specifically for sale and use in the United States, including California, selling and offering to sell the Pebble Accused System, individually, and their components in the United States or importing these devices and their components into the United States, including California, through promotional and instructional manuals, materials, websites (including support information, video instructions, tutorials, and frequently asked questions that direct customers to use the devices in an infringing manner), activities relating to utilizing the Pebble Accused Watch as a remote control unit for mobile phones and wireless headphones, and by providing access to and encouraging use of the Accused Pebble Watch App and headphone Apps on both Android and iOS operating systems, and promoting the use of third-party applications. This induces the end users to use the Pebble Accused System in a manner that infringes the '506 patent. Pebble's inducement is ongoing, and willful.

130. Jones has been damaged as a result of Pebble's infringing conduct described in this Count. Pebble is, thus, liable to Jones in an amount that adequately compensates Jones for Pebble's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284

**X. COUNT 7 – INFRINGEMENT OF THE ’506 PATENT BY THE SONY DEFENDANTS**

131. Jones incorporates by reference the allegations in each of the following paragraphs 1, 11-14, and 27-31 as if fully set forth herein.

132. The ’506 patent is valid and enforceable.

133. In violation of 35 U.S.C. § 271, the Sony Defendants have infringed and continue to infringe the ’506 patent in this judicial district and elsewhere in the United States, both literally and/or under the doctrine of equivalents. The Sony Defendants have infringed and continue to infringe through the manufacture, use, offer for sale, sale, and/or importation of a system of products, associated software, and components sold through the online web stores, including, but not limited to the Google store, and the SmartWatch App and/or SmartWatch 2 App software interface and the wireless headphone App software interface.

134. The “Sony Accused System” is a personal entertainment and communication system comprised of three components: a headset portion, a remote unit worn as a watch, and a control/display portion.

135. The “Sony Accused Watch” includes all Sony Smartwatch series running Android Wear operating system, including, but not limited to, the following exemplary devices: Sony Watch3 SWR50B, Sonywatch3 SWR50, Sony Smartwatch2 SW2, and Sony Smartwatch.

136. The “Sony Accused Mobile Devices” include all mobile devices and tablets running Android 4.0 and/or 4.3 and later, including but not limited to the following exemplary Sony devices: Xperia z5 Compact, Xperia Z5, Xperia Z3+, Xperia C4, Xperia M4 Aqua, Xperia Z3 T-Mobile, Xperia Z3, Xperia Z3v Verizon, and the Xperia Z4 Tablet.

137. The “Sony Accused Headsets” include all wired and wireless headsets that comprise a pair of amplified speakers, a transceiver, a microphone, and the capability to provide at least digitally encoded music to the pair of amplified speakers which are compatible with and/or are capable of connecting with Sony Accused Mobile Devices and Sony Accused Watch, including, but not limited to, the following exemplary products: MDR10RBT BT-Headphones and MDF1RBT-BT Headphones.

138. The Sony Defendants’ infringement has been willful.

139. The Sony Accused System, including the Sony Accused Watch, the Sony Accused Mobile Devices and the Sony Accused Headset, directly infringes literally and/or under the doctrine of equivalents at least independent claim 1 of the ’506 patent, and dependent claims 2, 3, 4, 5, 8, 9, 12, and 13.

140. With respect to the headset component of the Sony Accused System, the Sony Accused Headsets contain, at least, a pair of amplified speakers, a microphone, at least a receiver for receiving wireless and/or cellular signals, and the hardware and software to provide at least digitally encoded music to the amplified speakers.

141. With respect to the remote unit watch component of the system, the Sony Accused Watch is a remote unit worn as a watch wherein the Sony Accused Watch includes control functions and at least a transmitter for transmitting control signals, directly and/or indirectly, to the receiver within the Sony Accused Headsets for controlling at least the digitally encoded music.

142. With respect to the control/display component of the system, the Sony Accused Mobile Devices are communicably linked to the Sony Accused Headsets. The control/display component includes a cellular communication transceiver for sending and receiving cellular communications signals directly and/or indirectly between the Sony Accused Watch and the Sony Accused Headset, hardware and/or software for selecting and routing system input signals, such as, without limitation, the digitally encoded music, the cellular communication signals and the system component signals for the Sony Accused Mobile Devices system components. The hardware and/or software for selecting and routing system input signals within the Sony Accused Mobile Devices are connected, directly and/or indirectly, to the cellular transceiver, the hardware and/or software for providing digitally encoded music, the microphone and pair of amplified speakers within the headphone component of the system, and a user interface for selecting and routing system input signals. The Sony Accused Mobile Devices also include power sources for providing power to at least the cellular communication transceiver, the hardware and/or software for selecting and routing system input signals, and the hardware and/or software for providing digitally encoded music.

143. The Sony Defendants have been on notice of the ’506 patent prior to the filing of this Complaint.

144. At least as late as the service of this Complaint, the Sony Defendants have contributorily infringed and/or actively induced infringement of the ’506 patent (literally and/or under the doctrine of equivalents) and/or will contributorily infringe and/or actively induce infringement of the ’506 patent (literally and/or under the doctrine of equivalents) in violation of 35 U.S.C. § 271(b)-(c), with knowledge of and/or willful blindness to the existence of the ’506 patent, with specific intent to contributorily infringe and/or to induce infringement, and with knowledge or willful blindness that the intended acts would constitute patent infringement.

145. The Sony Accused System - the Sony Accused Watch, the Sony Accused Mobile Devices, and the Sony Accused Headset, each sold and/or offered for sale by the Sony Defendants - are not alone or in combination a staple article of commerce, but are individually a component of a patented combination, and material to practicing the invention in the claims of the ’506 patent, and have no substantial non-infringing uses. The Sony Defendants have contributed to the direct infringement of the ’506 patent by the end users of the Sony Accused System. These products are sold directly to customers and used by customers in a manner that infringes the ’506 patent, including without limitation, by way of utilizing the Sony Accused Watch as a remote device to control, without limitation, the telephone features, the media features, and the text features of the Sony Accused Mobile Devices and utilizing the Sony Accused Watch to control, without limitation, the media playback features, and the volume and microphone features for media playback and mobile phone calls heard through the Sony Accused headsets. The Sony Defendants’ contributory infringement is ongoing, and willful.

146. The Sony Defendants’ indirect infringement by inducement will occur by the Sony Defendants engaging in at least the following activities directly and/or through the contractual relationship with others: designing and manufacturing the Sony Accused System, individually, and their components specifically for sale and use in the United States, including California, selling and offering to sell the Sony Accused System, individually, and their components in the United States or importing these devices and their components into the United States, including

California, through promotional and instructional manuals, materials, websites (including support information, video instructions, tutorials, and frequently asked questions that direct customers to use the devices in an infringing manner), activities relating to utilizing the Sony Accused Watch as a remote control unit for mobile phones and wireless headphones, and by providing access to and encouraging use of the SmartWatch App and headphone App, and promoting the use of third-party applications. This induces the end users to use the Sony Accused System in a manner that infringes the '506 patent. Sony Defendants' inducement is ongoing, and willful.

147. Jones has been damaged as a result of the Sony Defendants' infringing conduct described in this Count. The Sony Defendants are, thus, liable to Jones in an amount that adequately compensates Jones for the Sony Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284

## DEMAND FOR JURY TRIAL

Jones demands, pursuant to Federal Rule of Civil Procedure 38, a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, in addition to the relief requested elsewhere herein, Jones requests that:

A. This Court find that Defendants have infringed the '506 patent;

B. Jones be awarded all damages adequate to compensate him for Defendants' infringement of the '506 patent, such damages to be determined by a jury and an accounting, if necessary, to adequately compensate Jones for the infringement;

C. The damages awarded to Jones be trebled, including pre-judgment and post-judgment interest;

D. This case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Jones be awarded his attorney fees, costs and expenses incurred in connection with this case; and

E. Jones be awarded such other relief as this Court deems just and proper.

Dated: February 11, 2016

MZF LAW FIRM, PLLC

By: Mateo Z/ Fowler________
Mateo Z. Fowler

Attorneys for Plaintiff Albert C. Jones.