UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALBERT C JONES,

    Plaintiff,

    v.

APPLE, INC., et al.,

    Defendants.

Case No. 16-cv-00714-RS

**ORDER RE PENDING MOTIONS TO DISMISS AND CLAIM CONSTRUCTION ISSUES**

Defendants in this patent infringement action have filed five separate motions to dismiss.[1] Each of the motions contends, in essence, that plaintiff has failed to allege a viable claim because the patent in suit claims an apparatus that has "a headset portion housing and generally comprising . . . a remote unit worn as a watch . . . ." whereas the allegations of the complaint reveal that none of the accused devices include headsets that "house" or "comprise" a watch. Some of the motions to dismiss raise an additional argument that plaintiff has not, and purportedly cannot, allege that the accused devices include headsets that are "communicably linked" to mobile phones, as they contend the patent requires.

Plaintiff's opposition to the motions argues that defendants are misconstruing the claims,

---

[1] A sixth motion to dismiss, filed by defendant Pebble Technology, Corp., has been mooted by a settlement and the dismissal of Pebble.

but more fundamentally that it would be inappropriate to engage in claim construction at the motion to dismiss stage, for a number of reasons, including that doing so would undermine the intent and structure of the local patent rules.  Defendants, in turn, argue the meaning of the claim language is so "readily apparent" that it would not actually be an exercise in claim construction to rule in their favor.

District Courts have inherent power to manage their own docket, *see*, *e.g.*, *Ryan v. Gonzales*, 133 S.Ct. 696, 708 (2013); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed.Cir. 1988), and are authorized to "consider and take appropriate action" to facilitate the "just, speedy, and inexpensive disposition" of all matters before them, Fed.R.Civ.P. 16; see also Fed.R.Civ.P. 1. Local Patent Rule 1-3 expressly provides "[t]he Court may modify the obligations or deadlines set forth in these Patent Local Rules based on the circumstances of any particular case . . . ."

Under the unique circumstances of this case, it is apparent there are one or two discrete and narrow issues, arguably properly characterized as involving "claim construction" that are potentially dispositive of this action if resolved in defendants' favor.  Additionally, a ruling in plaintiff's favor on those issues, while not dispositive of the case, likely would advance its ultimate resolution.  Additionally, taking up such issues in the context of claim construction rather than under the rubric of motions to dismiss will eliminate any potential procedural prejudice to plaintiff.

Accordingly, further consideration of the pending motions to dismiss will be deferred, and proceedings to construe the relevant claim terms will be held, in advance of the time that such matters would ordinarily be taken up under the local patent rules.  At a minimum, the Court will entertain claim construction arguments regarding the issues arising from the language, "a headset portion housing and generally comprising . . . a remote unit worn as a watch . . . ."   In the event the parties reach agreement that it would appropriate at this juncture also to address the "communicably linked" language, the Court will do so, but in the absence of such an agreement, that issue will be deferred until any further claim construction proceedings that may become necessary.

Within 15 days of the date of this order, the parties shall meet and confer to attempt to reach agreement regarding the particular terms to be construed with respect to the "housing and generally comprising" issue, and to determine whether the "communicably linked" issue will also be addressed at this juncture or not. Within 20 days thereafter, plaintiff shall serve and file a claim construction brief, to supplement the arguments he has presented in his oppositions to the motions to dismiss. With 14 days thereafter, defendants may file opposing claim construction briefs,[2] with any reply(ies) from plaintiff due 7 days thereafter. The matter will then be set for hearing or submitted for decision, in the Court's discretion.

The motion hearing set for June 30, 2016 is vacated. The initial case management conference is continued to September 22, 2016.

**IT IS SO ORDERED**.

Dated: June 20, 2016

RICHARD SEEBORG
United States District Judge

---

[2] As contemplated by Patent Local Rule 4-5(b) "each" opposing party may file a response. Defendants are nevertheless strongly encouraged to file a single, joint brief.